**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| DEMETRICE MARTIN, Individually and on<br>behalf of ETHAN DEVON MARTIN, a minor<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF MACON, GEORGIA; and<br>OVERLOOK GARDENS PROPERTIES, LLC;<br>THE WOODRUFF COMPANIES;<br>and OFFICER JUSTIN FOX, in his individual<br>and official capacity as a Macon Police Officer<br>and as a Courtesy Officer for the Overlook<br>Gardens Apartment Complex,<br><br>Defendants. | CIVIL ACTION FILE NO. _____<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Demetrice Martin, individually and on behalf of her minor son, Ethan Devon Martin, in the above-styled case, and files this Complaint for Damages showing the Court as follows:

## I. **PRELIMINARY STATEMENT**

Plaintiff Demetrice Martin, on behalf of herself and her minor son, Ethan Devon Martin, brings this action against Officer Justin Fox for federal and state law claims and she commences this action against the Macon Police Department for federal claims and state law claims of negligent training, negligent supervision and negligent retention. Specifically, Plaintiff Demetrice Martin, on behalf of her son, Ethan Devon Martin, brings this suit against Officer Justin Fox under 42 U.S.C § 1983 and for state law claims of false arrest, false imprisonment,

~ 1 ~

assault and battery and intentional infliction of emotional distress.  Plaintiff Demetrice Martin's claims against the City of Macon, Georgia arise out of 42 U.S.C § 1983.  Further Plaintiff Demetrice Martin brings this suit against Defendants Overlook Gardens Properties, LLC and The Woodruff Companies for state law claims of false arrest, false imprisonment, assault and battery, and intentional infliction of emotional distress based on the theory of vicarious liability.

Plaintiff Martin seeks redress for the deprivation of hers and her son's rights, privileges and immunities secured by the laws of the United States and the State of Georgia.  Specifically, Plaintiff seeks damages to redress and remedy her claims that arise out of 42 U.S.C § 1983.  Also, Plaintiff seeks attorneys fees pursuant to 42 U.S.C § 1988.  Plaintiff Martin's and her son's constitutional rights were violated when, on January 26, 2013, Officer Justin Fox, acting in his official capacity as a Macon Police Officer and a Courtesy Officer for Overlook Gardens Properties, LLC, invaded Plaintiff Demetrice Martin's and her son's reasonable expectation of privacy by forcing his way into their apartment unit without a warrant or even probable cause.  Further, and more disturbingly, Plaintiff Demetrice Martin and her son's constitutional rights were violated when Officer Fox physically abused Ethan Devon Martin, who was then barely eight years of age, by putting him in handcuffs and arresting him.

## II. **PARTIES**

1.

Demetrice Martin and her minor son, Ethan Devon Martin (hereinafter referred to as "Plaintiff Demetrice Martin" and "Plaintiff Ethan Martin") are citizens of the United States and are citizens and residents for the State of Georgia and reside at 1381 Greentree Parkway, Macon, GA 31220.

2.

The City of Macon, Georgia, is a municipal governmental entity and maintains an office at 700 Poplar Street, Macon, GA 31202-0247 and has authority over the Macon Police Department whose policies, practices and customs were a moving force in the constitutional and statutory violations set out herein.

3.

Justin Fox (hereinafter referred to as "Defendant Fox") was an officer of the Macon Police Department. He is sued in his individual and official capacities. At all times pertinent to this action, Defendant Fox was in his police uniform, acting under color of state law and within the scope and course of his duties as a "courtesy officer" for the Overlook Gardens Properties, LLC, and as a Macon Police Officer.

4.

Overlook Gardens Properties, LLC (hereinafter referred to as "Defendant Gardens") is a domestic entity registered in the State of Georgia with a principal office address of P.O. Box 5809 Columbus, GA 31906.

5.

The Woodruff Companies (herein after referred to as "Defendant Woodruff") is the entity which has ownership of Overlook Gardens Properties, LLC, and maintains an office at 2900 Warm Springs Road, Columbus, GA 31904-6880.

### III.  <u>JURISDICTION AND VENUE</u>

6.

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws and Constitution of the United States; pursuant to 28 U.S.C. § 1983; and pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

Venue is proper pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in this district and all Defendants reside in this State, and because the entire incident giving rise to the claims set forth in this Complaint occurred within this district.

### IV.  <u>STATEMENT OF THE FACTS</u>

7.

Ms. Martin and her sons, Trevon Blake Varner (10 years old) and Ethan Devon Martin (8 years old), were residents of the Overlook Gardens Apartment complex on January 26, 2013.

8.

Defendant Fox was a police officer in the employ of the Macon Police Department on the date of January 26, 2013.

9.

Defendant Fox was also a resident of the Overlook Gardens Apartment complex on January 26, 2013.

10.

Defendant Fox was also a "courtesy officer" for the Overlook Gardens Apartment complex.

~ 4 ~

11.

On January 26, 2013, Defendant Fox was on duty as a police officer of the Macon Police Department and as a courtesy officer for the Overlook Gardens Apartment complex.

12.

On the afternoon of Saturday, January 26, 2013, Defendant Fox aggressively approached Trevon Blake Varner and ordered young Trevon to take him to Plaintiff Demetrice Martin's apartment unit.

13.

When Defendant Fox reached the apartment unit, he pounded violently on the door.

14.

When Plaintiff Demetrice Martin, along with Plaintiff Ethan Martin, answered the door, Defendant Fox forced his way into the apartment unit.

15.

Ms. Martin neither invited nor consented to Defendant Fox entering her apartment unit.

16.

Once inside the apartment unit, Defendant Fox forcefully grabbed young Plaintiff Ethan Martin's arms.

17.

Young Plaintiff Ethan Martin cried and begged to be released and pleaded that he did not want to go to jail.

18.

Plaintiff Demetrice Martin pleaded with Defendant Fox to let go of her son and to advise her of the reason as to why Defendant Fox was going after her son.

19.

Defendant Fox ignored Plaintiff Demetrice Martin's and her son's entreaties.

20.

Defendant Fox then placed handcuffs on young Plaintiff Ethan Martin and arrested him.

21.

Defendant Fox indicated that, according to his "girlfriend," Ethan was "throwing things" at his dog.

22.

Defendant Fox threatened to "lock him (Ethan) up" for animal cruelty.

23.

Young Plaintiff Ethan Martin explained that he just liked the dog and was trying to get the dog's (whom Ethan named "Biscuit") attention by throwing pine straw in the dog's direction since the dog was situated on a balcony too high for Ethan's reach.

24.

Defendant Fox had done no independent investigation before barging into Ms. Martin's apartment and handcuffing and arresting young Ethan.

25.

Defendant Fox's actions terrified Plaintiff Demetrice Martin and Plaintiff Ethan Martin, who continued to plead to Defendant Fox to not take him to jail.

26.

Defendant Fox would not leave until Ethan gave him an apology.

27.

Defendant Fox then stated that he arrested young Ethan to "teach him a lesson."

28.

Young, barely eight years old, Ethan remained handcuffed, arrested, and cried during the entire encounter.

29.

Plaintiff Demetrice Martin and Plaintiff Ethan Martin suffered great mental distress as a result of the ordeal.

30.

Plaintiff Ethan Martin remained traumatized for some time after the incident and had to undergo psychotherapy.

31.

Plaintiff Ethan Martin lost sleep, and was even afraid to go outside to play for fear of encountering Defendant Fox.

32.

Defendant Fox was, at all times relevant to this action, an on duty officer of the Macon Police Department and a "courtesy officer" for the Overlook Gardens Apartment complex, and acting under color of state law.

33.

Defendant Fox was hired by the Macon Police Department on March 22, 2010. By the date of this incident, January 26, 2013, Defendant Fox had been an employee with the Macon Police Department for two (2) years, ten (10) months and four (4) days.

34.

During his short employment with the Macon Police Department, Defendant Fox had fourteen (14) complaints logged against him including complaints of racial profiling and pulling

~ 7 ~

a gun on an unarmed thirteen-year-old teenager. Seven (7) of these complaints resulted in disciplinary actions against him.

35.

During the interview conducted by the Office of Internal Affairs regarding the January 26, 2013 incident, a question was asked as to why Officer Fox was detaining Ethan Martin if he was sitting right there next to his mom while Officer Fox was there with them. Officer Fox responded, "That's just the way I was taught. I mean from FTO when a juvenile is involved we just place them in handcuffs and then we talk to the parents."

36.

Another question was asked, "Can you charge an eight (8) year old with a crime in the state of Georgia?" to which Defendant Fox responded, "Um, I believe at ten (10) or twelve (12)."

37.

The City of Macon, Georgia, through its Police Department, fosters policies, practices and customs which were a moving force in the constitutional and statutory violations set out herein.

## COUNT I – VIOLATION OF PLAINTIFF DEMETRICE MARTIN'S CONSTITUTIONAL RIGHTS

38.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 37 of this Complaint for Damages as if fully set out herein.

~ 8 ~

39.

Plaintiff Demetrice Martin asserts 42 U.S.C. § 1983 claims against the City of Macon, GA and Defendant Fox for violation of her constitutional rights as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

40.

Plaintiff Demetrice Martin, asserts a 42 U.S.C. § 1983 claim against the City of Macon, GA and Defendant Fox for violating her right to be secure in her own home against unlawful entries by law enforcement as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

41.

The United States Supreme Court has held that the language of the Fourth Amendment proclaiming, "the right of people to be secure in their houses shall not be violated," to unequivocally establish the proposition that at the very core of the Amendment stands the right of a person to retreat into his own home and there be free from unreasonable governmental intrusion. Payton v. New York, 445 U.S. 573, 100 S. Ct. 1371 (1980).

42.

Further, absent exigent circumstances, a warrantless entry to search is unconstitutional even when a felony has been committed and there is probable cause to believe that incriminating evidence will be found within. Id.

43.

On January 26, 2013, Defendant Fox, who was an Officer with the Macon Police Department, approached the residence of Plaintiff Demetrice Martin and knocked forcefully on her door.

44.

Plaintiff Demetrice Martin opened her door slightly ajar to inquire about the purpose of Defendant Fox's presence at her apartment.

45.

Uninvited and nonconsensual, Defendant Fox pushed the door wide open and barged into Plaintiff Demetrice Martin's residence.

46.

Defendant Fox did not have a warrant to enter Plaintiff Demetrice Martin's residence.

47.

No exigent circumstance existed to justify Defendant Fox's entry past the threshold of Plaintiff Demetrice Martin's residence.

48.

The uninvited and nonconsensual entrance of Defendant Fox into the residence of Plaintiff Martin constituted an unlawful entry under the Fourth and Fourteenth Amendments to the United States Constitution.

49.

Pursuant to 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, or usage of any State or Territory, subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"  Thus, Defendant Fox and the City of Macon, GA are liable to Plaintiff Demetrice Martin for violating her constitutional rights.

50.

The failure of the Macon Police Department to properly train, supervise and retain its police officers constitute customs and practices which were a moving force in the violation of Plaintiff Demetrice Martin's constitutional rights.

## COUNT II – VIOLATION OF PLAINTIFF ETHAN MARTIN'S CONSTITUTIONAL RIGHTS

51.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 50 of this Complaint for Damages as if fully set out herein.

52.

Plaintiff Ethan Martin asserts 42 U.S.C. § 1983 claims against the City of Macon, GA and Defendant Fox for violation of his constitutional rights as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

53.

The United States Supreme Court has held that the language of the Fourth Amendment proclaiming, "the right of people to be secure in their houses shall not be violated," to unequivocally establish the proposition that at the very core of the Amendment stands the right of a person to retreat into his own home and there be free from unreasonable governmental intrusion.  Payton v. New York, 445 U.S. 573, 100 s. Ct. 1371 (1980).

54.

In addition, "the Fourth Amendment protects people, not places. Wherever an individual may harbor a reasonable expectation of privacy, he is, as a matter of constitutional law, entitled to be free from unreasonable governmental intrusion." Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968).

55.

Further, the United States Supreme Court has held that "the police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure, and ,in most instances, failure to comply with the warrant requirement can only be excused by exigent circumstances. Id.

56.

On January 26, 2013, Plaintiff Ethan Martin was residing in the comfort of his own home with his mother, where had a reasonable expectation of privacy.

57.

Defendant Fox, who was an officer of the Macon Police Department, barged into the residence without consent or a warrant.

58.

Defendant Fox then unlawfully seized the person of Plaintiff Ethan Martin.

59.

Defendant Fox then, without probable cause, placed handcuffs on eight year old Plaintiff Ethan Martin and arrested him.

60.

Plaintiff Ethan Martin cried and pleaded with Defendant Fox to free him and to let him go to no avail.

61.

No exigent circumstance existed to justify Defendant Fox's actions in arresting eight year old Ethan Martin.

62.

The seizure and arrest of Plaintiff Ethan Martin, who was barely eight years old, was an unreasonable seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

63.

Pursuant to 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, or usage of any State or Territory, subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"  Thus, Defendant Fox and the City of Macon, GA are liable to Plaintiff Ethan Martin for violating his constitutional rights.

64.

The failure of the Macon Police Department to properly train, supervise and retain its police officers constitute customs and practices which were a moving force in the violation of Plaintiff Ethan Martin's constitutional rights.

## COUNT III – NEGLIGENT TRAINING

65.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 64 of this Complaint for Damages as if fully set out herein.

66.

Plaintiffs Demetrice Martin and Ethan Martin assert a claim of negligent training against the City of Macon, GA for its failure to properly train Defendant Fox which resulted in the violation of the Plaintiffs' constitutional rights as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

67.

Inadequacy of police training may serve as the basis for liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. City of Canton v. Harris, 489 U.S. 378.

68.

Further, with regard to police training, a police department's failure to adequately train its officers may constitute a 'policy' giving rise to governmental liability. Farred v. Hicks, 915 F.2d 1530 (11th Cir. 1990).

69.

During his short employment with the Macon Police Department, fourteen (14) complaints had been logged against Defendant Fox and seven (7) of which resulted in disciplinary actions against him.

70.

Further, during the investigative interview with Defendant Fox regarding the January 26, 2013 incident, he was asked why he detained Ethan Martin if Ethan Martin was sitting right there next to his mom while Defendant Fox was there with them. Defendant Fox responded, "that's just the way I was taught. I mean from FTO when a juvenile is involved we just place them in handcuffs and then we talk to the parents."

71.

Defendant Fox's statement coupled with the numerous complaints against him evidence the fact that the Macon Police Department failed to properly train him on how to deal with the citizens, thus evidences the Macon Police Department's deliberate indifference to the rights of persons with whom the police come into contact. City of Canton v. Harris, 489 U.S. 378.

72.

The failure of the Macon Police Department to properly train its police officers constitute customs and practices which were a moving force in the violation of Plaintiff Demetrice Martin's and Plaintiff Ethan Martin's constitutional rights.

## COUNT IV – NEGLIGENT SUPERVISION

73.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 32 of this Complaint for Damages as if fully set out herein.

74.

Plaintiffs Demetrice Martin and Ethan Martin assert a claim of negligent supervision against the City of Macon, GA for its failure to properly supervise Defendant Fox which resulted in the violation of the Plaintiffs' constitutional rights as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

75.

An employer may be held liable for negligent supervision if the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff. Leo v. Waffle House, Inc., 298 Ga. App. 838.

76.

In his short employment with the Macon Police Department, Defendant Fox had fourteen (14) complaints logged against him including complaints of racial profiling, pulling a gun on an unarmed thirteen (13) year old teenager, and acting belligerently unprovoked towards a citizen.

77.

The numerous complaints should have caused the Macon Police Department to be aware of Defendant Fox's tendencies to engage in certain behavior relevant to the injuries incurred by Plaintiffs Demetrice Martin and Ethan Martin.

78.

Due to the Macon Police Department's failure to supervise, Defendant Fox engaged in behavior that deprived Plaintiffs Demetrice Martin and Ethan Martin of their constitutional rights.

79.

The failure of the Macon Police Department to properly supervise its police officers constitute customs and practices which were a moving force in the violation of Plaintiff Demetrice Martin's constitutional rights.

## COUNT V – NEGLIGENT RETENTION

80.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 79 of this Complaint for Damages as if fully set out herein.

81.

Plaintiffs Demetrice Martin and Ethan Martin assert a claim of negligent retention against the City of Macon, GA for keeping Defendant Fox as an officer of the Macon Police Department even after numerous complaints had been logged against him.

82.

An employer may be held liable for negligent retention if the employer knew or reasonably should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury. Herron v. Morton, 155 Fed. Appx. 423.

83.

In his short employment with the Macon Police Department, Defendant Fox had fourteen (14) complaints logged against him including complaints of racial profiling, pulling a gun on an unarmed thirteen (13) year old teenager, and acting belligerently unprovoked towards a citizen.

84.

The numerous complaints should have caused the Macon Police Department to be aware of Defendant Fox's tendencies to engage in the type of conduct that caused the Plaintiffs' injuries.

85.

Due to the Macon Police Department's retention of Defendant Fox, he engaged in behavior that deprived Plaintiffs Demetrice Martin and Ethan Martin of their constitutional rights.

86.

The failure of the Macon Police Department to properly remove its police officers who have histories of engaging in injurious conduct constitute customs and practices which were a moving force in the violation of Plaintiff Demetrice Martin's constitutional rights.

## **COUNT VI – FALSE ARREST (O.C.G.A. § 51-7-1)**

87.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 86 of this Complaint for Damages as if fully set out herein.

88.

Plaintiff Ethan Martin asserts a claim of false arrest pursuant to O.C.G.A § 51-7-1 against Defendant Fox, Defendant Gardens, and Defendant Woodruff.

89.

An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested.  O.C.G.A § 51-7-1.

90.

In addition, arrest is taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act indicating an intention to take such person into custody, and which subjects such person to the actual control and will of the person making the arrest; it is sufficient if the arrested person understands that he is in the power of the one arresting and submits in consequence thereof.  Conoly v. Imperial Tobacco Co., 63 Ga. App. 880, 12 S.E. 2d 398 (1940).

91.

Further, whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under one of the exceptions prescribed by law.  Jackson v. Norton, 75 Ga. App. 650, 44 S.E.2d 269 (1947).

92.

Defendant Fox did seize the person of Plaintiff Ethan Martin by grabbing him and placing handcuffs on him in order to subject him under the control of Defendant Fox.

93.

Defendant Fox did not perform an independent investigation prior to arresting Plaintiff Ethan Martin.

94.

Defendant Fox did not have probable cause to arrest the person of Plaintiff Ethan Martin.

95.

The arrest of Plaintiff Ethan Martin was falsely and maliciously conducted by Defendant Fox because he wanted to "teach (Ethan) a lesson."

96.

There were no justifiable grounds or cause to make such an arrest of an eight year old child.

97.

Plaintiff Ethan Martin was forced to surrender his freedom.

98.

Defendant Fox, at all relevant times, falsely and maliciously arrested Plaintiff Ethan Martin while acting within his scope and duty as a courtesy officer for Defendant Gardens and Defendant Woodruff, and as a Macon Police Officer under color of state law and legal process.


## COUNT VII – FALSE IMPRISONMENT (O.C.G.A. § 51-7-20)

99.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 98 of this Complaint for Damages as if fully set out herein.

100.

Plaintiff Ethan Martin asserts a claim of false imprisonment pursuant to O.C.G.A § 51-7-20 against Defendant Fox, Defendant Gardens, and Defendant Woodruff.

101.

False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty.  O.C.G.A § 51-7-20.

102.

Further, "whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under one of the exceptions prescribed by law." Jackson v. Norton, 75 Ga. App. 650, 44 S.E.2d 269 (1947).

103.

Defendant Fox, without sufficient legal justification, did detain young Ethan Martin, placed him in handcuffs and arrested him.

104.

As a result of the detention and arrest, Plaintiff Ethan Martin was deprived of his personal liberty.

105.

Plaintiff Ethan Martin cried and pleaded with Defendant Fox to free him and to let him go to no avail.

106.

The false imprisonment of young Plaintiff Ethan Martin by Defendant Fox was unlawful and without a valid warrant.

107.

Defendant Fox, at all relevant times, committed the tort of false imprisonment upon the person of Plaintiff Ethan Martin while acting within his scope and duty as a courtesy officer for

Defendant Gardens and Defendant Woodruff, and as a Macon Police Officer under color of state law and legal process.

## COUNT VIII – ASSAULT AND BATTERY (O.C.G.A. § 51-1-13)

108.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 107 of this Complaint for Damages as if fully set out herein.

109.

Plaintiff Ethan Martin asserts a claim of assault and battery pursuant to O.C.G.A § 51-1-13 against Defendant Fox, Defendant Gardens, and Defendant Woodruff.

110.

In the interest of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable. Hendricks v. S. Bell, Ga. App. 264, 387 S.E.2d 593 (1989). Further, any unlawful touching of a person's body, although no actual physical hurt may ensue there from, yet, since it violates a personal right, constitutes a physical injury to that person. Id.

111.

Defendant Fox, without legal justification, grabbed young Plaintiff Ethan Martin, arrested him and held him against his will.

112.

Plaintiff Ethan Martin cried and pleaded with Defendant Fox to free him and to let him go to no avail.

113.

The restraint and use of force by Defendant Fox to effect an arrest on young Plaintiff Ethan Martin was a violation of his personal right, which constitutes a physical injury to him.

114.

The unlawful and forceful use of physical contact and threats constituted an assault and battery to young Plaintiff Ethan Martin.

115.

Defendant Fox, at all relevant times, committed assault and battery on Plaintiff Ethan Martin while acting within his scope and duty as a courtesy officer for Defendant Gardens and Defendant Woodruff, and as a Macon Police Officer under color of state law and legal process.

### COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116.

Plaintiffs Demetrice Martin and Ethan Martin adopt and incorporate by reference all of the allegations contained in the preceding paragraphs 1 through 115 of this Complaint for Damages as if fully set out herein.

117.

Plaintiff Ethan Martin asserts a claim of intentional infliction of emotional distress against Defendant Fox, Defendant Gardens, and Defendant Woodruff.

118.

The tort of intentional infliction of emotional distress occurs when a defendant engages in intentional or reckless conduct of an extreme and outrageous nature that causes the plaintiff severe emotional distress. The tort is one where, generally speaking, the recitation of the facts to

an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" Turnage v. Kasper, 307 Ga. App. 172, 182-183 (704 S.E..2d 842) (2010).

119.

Defendant Fox's actions were not only reckless; they were intentional as evidenced by his statement that he wanted to "teach (Ethan) a lesson."

120.

The actions and conduct of Defendant Fox was extreme and outrageous, and beyond the bounds tolerated by civil society.

121.

The detention and arrest of a child, who was barely eight years of age, would certainly cause an average member of the community to direct his resentment against the actor, and lead him to exclaim, "Outrageous!"

122.

The actions and conduct of Defendant Fox caused young Plaintiff Ethan Martin to suffer severe emotional distress.

123.

Plaintiff Ethan Martin was so severely frightened that he lost sleep, and was scared to go outside to play for fear of encountering Defendant Fox.

124.

Young Plaintiff Ethan Martin suffered severe emotional distress such that he had to receive psychotherapy for it.

125.

Defendant Fox, at all relevant times, inflicted severe emotional distress on young Plaintiff Ethan Martin while acting within his scope and duty as a courtesy officer for Defendant Gardens and Defendant Woodruff, and as a Macon Police Officer under color of state law and legal process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Demetrice Martin and Ethan Martin respectfully pray that the Court grant them the following relief:

(a) That service of a copy of the Summons and Complaint be perfected upon all Defendants;

(b) That judgment be awarded against the Defendants for compensatory damages, general damages and special damages in an amount to be shown at trial;

(c) That a judgment be awarded against the Defendants for Plaintiffs Demetrice Martin's and Ethan Martin's past, present and future pain and suffering in an amount to be determined by the enlightened conscience of an impartial jury;

(d) That Plaintiff Demetrice Martin and her minor son, Plaintiff Ethan Martin, be awarded prejudgment and post-judgment interest as provided by law;

(e) That Plaintiff Demetrice Martin and her minor son, Plaintiff Ethan Martin, be awarded attorneys fees and costs of this action;

(f) That Plaintiff Demetrice Martin and her minor son, Plaintiff Ethan Martin, be granted a trial by jury;

(g) Any and all further relief that the Court may deem just and proper.

~ 25 ~

Respectfully submitted this ___ day of October, 2014.

_____ \s\ Winston A. Denmark_____

WINSTON A. DENMARK

Georgia Bar No. 211751

FINCHER DENMARK WILLIAMS

& MINNIFIELD LLC

8024 Fairoaks Court

Jonesboro, Georgia 30236

770-478-9950 (office)

770-478-9948 (facsimile)